**Kenneth NELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-89-00459-CR.**

Court of Appeals of Texas, Dallas.

Oct. 24, 1990.

Lawrence B. Mitchell, Dallas, for appellant.

Teresa Tolle, Dallas, for appellee.

Before HOWELL, BAKER and LAGARDE, JJ.

## OPINION

BAKER, Justice.

A jury convicted Kenneth Nelson of aggravated robbery. Punishment was assessed at thirty years' confinement. In two points of error, appellant contends that: (1) the evidence is insufficient to sustain the verdict; and (2) the trial court erred in receiving an inconsistent jury verdict. We disagree and affirm the trial court's judgment.

## FACTS

The State charged appellant with three aggravated robberies. Four eyewitnesses identified appellant as the robber of a barbecue restaurant twice in two days and a convenience store less than a week later. Two witnesses to the first robbery testified

that appellant threatened them with an object tightly wrapped in a paper sack. They stated that appellant handled the object as if it were a gun. The witnesses believed that appellant had a gun in the sack. Two witnesses testified that appellant openly displayed a gun during the second restaurant robbery. Another witness testified that appellant robbed the convenience store at gunpoint.

The trial court charged the jury on each of the three aggravated robbery offenses. As required by statute, each charge included a separate special issue on whether appellant used or exhibited a deadly weapon during each robbery. *See* TEX.CODE CRIM. PROC.ANN. art. 42.12, § 3g (Vernon Supp. 1989). The jury found appellant guilty on all three aggravated robbery offenses. Although the jury found that appellant used a gun in the other two offenses, it found he did not do so in the first robbery. Appellant did not object to the verdict when the court received it.

Appellant testified during the punishment phase of his trial. He admitted committing the robberies but denied that he used a gun. However, he admitted that he deliberately "created a delusion" so his victims would believe he did. Appellant challenges his conviction for the first restaurant robbery.

### SUFFICIENCY OF THE EVIDENCE

In his first point of error, appellant asserts that the evidence is insufficient to support the verdict. We must review the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *See Sutherlin v. State,* 682 S.W.2d 546, 548–49 (Tex.Crim.App.1984); *Perkins v. State,* 779 S.W.2d 918, 924 (Tex.App.— Dallas 1989, no pet.).

■ The evidence showed that appellant brandished a paper sack containing an object shaped like a gun and which appellant handled like a gun. The jury heard additional evidence that appellant had openly displayed a gun during the other two robberies. This evidence gives rise to a rea-

sonable inference that appellant used a gun during this robbery. *See Moore v. State,* 531 S.W.2d 140, 142 (Tex.Crim.App.1976). We find the evidence sufficient to support the verdict. We overrule appellant's point of error number one.

### INCONSISTENCY OF THE VERDICT

■ In his second point of error, appellant argues that the trial court erred in receiving an inconsistent verdict. The court's charge required the jury to find the use or exhibition of a deadly weapon before it could return a verdict of aggravated robbery in the application paragraph. Yet, in response to the article 42.12 special issue, the jury found that appellant had not used or exhibited a deadly weapon. Appellant maintains that the "guilty" finding on the application paragraph and the "no" finding on the deadly weapon issue are fatally inconsistent.

Appellant failed to object to the conflicting answers when the court received the verdict. He failed to object when the court pronounced judgment and sentence. No motion for new trial appears in the record. Appellant raises this issue for the first time on appeal. Appellant failed to preserve any complaint for appellate review. TEX.R.APP.P. 52(a); *see Russell v. State,* 665 S.W.2d 771, 778 (Tex.Crim.App.1983); *Chambers v. State,* 568 S.W.2d 313, 324–27 (Tex.Crim.App.1978). We overrule appellant's point of error number two.

We affirm the trial court's judgment.