**Randall Elce GOAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–00–01248–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 7, 2002.

William Paul Mewis, Houston, for appellant.

Jorge L. Matos Ortiz, Daniel W. Leedy, Bellville, Asst. Dist. Attys., for appellee.

Panel consists of Justices YATES, EDELMAN, and WITTIG[1].

**OPINION**

LESLIE BROCK YATES, Justice.

A jury convicted appellant, Randall Elce Goar, of failure to stop and render aid and assessed punishment at five years' confinement. *See* TEX. TRANS. CODE ANN. § 550.021, et seq. (Vernon 1999). In two points of error, appellant challenges the legal and factual sufficiency of the evidence. We affirm.

On March 19, 1999, Cecil Benton left his job at Wal–Mart around 8:00 pm. Doyle Knapp, another Wal–Mart employee, testified he knew Benton and saw Benton stopped on his bicycle at a stop sign by the Koy Road overpass around 8:30 pm. Knapp testified that as he passed, Benton began pedaling up the hill on the feeder road of Interstate 10. About 5 minutes later, Knapp returned to the area with his wife, but neither of them saw Benton anywhere along the feeder road. Knapp testified that he did not see any other person or any other vehicles parked along the feeder road where he had seen Benton only moments earlier.

Later that evening, Ray Thompson testified that he saw a glimmer as he drove along the same portion of the feeder. When he returned to find out what was in the ditch, Thompson found Benton's damaged bicycle lying about 12 feet off the road. Thompson thought it might be trash and drove away, but uncomfortable, he again made a U-turn and looked in the ditch. He found Benton's body lying in the ditch about 17 feet from the road. He called the police. Officers responded to the call and found paint chips, several pieces of a headlight assembly, a turn signal, and a part's number from a Dodge pickup emblem. Based on this evidence,

officers alerted law enforcement agencies in the state to be on the lookout for a 1994 to 1999 forest green Dodge pickup truck with possible damage to the truck's front turn signal, headlight area, hood and windshield. Three days later, on March 22, 1999, Trooper J.R. Minyard of the Texas Department of Public Safety stopped appellant in Austin County. Appellant was driving his damaged forest green Dodge pickup truck.

The evidence at trial showed that the damaged headlight assembly recovered from the accident scene uniquely matched appellant's damaged headlight assembly. The fibers recovered from appellant's truck matched the color fibers from Benton's shirt. The paint chips recovered from the accident scene and from Benton's shirt matched the paint on appellant's truck. Appellant was arrested and charged with manslaughter and failure to stop and render aid. The jury acquitted appellant of the manslaughter charge but returned a guilty verdict on the failure to stop and render aid charge. The court assessed punishment at five years' confinement. This appeal followed.

In two points of error, appellant claims the evidence is legally and factually insufficient to support his conviction for failure to stop and render aid. When reviewing legal sufficiency, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Cardenas v. State*, 30 S.W.3d 384, 389 (Tex.Crim.App.2000). If a reviewing court determines the evidence is insufficient under the *Jackson* standard, it must render a judgment of acquittal because, if the evi-

---

**1.** Senior Justice Don Wittig sitting by assignment.

dence is insufficient under *Jackson*, the case should never have been submitted to the jury. *See Jackson*, 443 U.S. at 307, 99 S.Ct. 2781. In a legal sufficiency challenge, we do not re-weigh the evidence. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim.App.2000).

In reviewing factual sufficiency, we do not view the evidence "in the light most favorable to the prosecution." *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim. App.1997). Rather we ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is either so obviously weak as to undermine confidence in the jury's determination, or, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App.2000). We will set aside a verdict for factual insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Wesbrook v. State*, 29 S.W.3d 103, 112 (Tex.Crim.App.2000).

A person commits the offense for failure to stop and render aid if (1) a driver of a vehicle (2) involved in an accident (3) resulting in injury or death of any person (4) intentionally and knowingly (5) fails to stop and render reasonable assistance. *See* TEX. TRANS. CODE ANN. § 550.021, et seq. (Vernon 1999); *see also Allen v. State*, 971 S.W.2d 715, 717 (Tex.App.-Houston [14th Dist.] 1998, no pet.). In order to prove appellant failed to render reasonable assistance, the State must show "it [was] apparent that treatment [was] necessary....". *See* TEX. TRANS. CODE ANN. § 550.023(3) (Vernon 1999).

Appellant argues the evidence is legally and factually insufficient to prove that he knew he hit a person, who was apparently in need of treatment. However, the culpable mental state for failure to stop and render aid is proven by showing that "the accused had knowledge of the circumstances surrounding his conduct," meaning the defendant had knowledge that an accident occurred. *See St. Clair v. State*, 26 S.W.3d 89, 98 (Tex.App.-Waco 2000, pet. ref'd.) (examining the State's burden to prove the culpable mental state of failure to stop and render aid); *see also Allen*, 971 S.W.2d at 718 (finding a rational jury could determine appellant "knew of the 'apparent' injury to the cyclist" based on testimony that appellant and others heard the collision and that the cyclist was visibly injured after the collision). In this case, appellant admitted he heard the collision and knew he was involved in an accident along the feeder of Interstate 10 where Benton's body was found. Appellant further admitted that he lied to the police when he claimed he thought he hit a construction barrel along the feeder road. Appellant then told the jury at trial that he thought he hit a mailbox along the feeder road. Questions surrounding inconsistent testimony of a witness are to be weighed by the jury in its determination of guilt and innocence. *See Wyatt v. State*, 23 S.W.3d.18, 30 (Tex.Crim.App.2000).

Appellant also testified he stopped after the accident, parked and examined his truck and walked around for about five to six minutes to see what he hit. However, Knapp testified he saw Benton on his bike at a stop sign before Benton began peddling along the feeder road. He testified that he drove along the feeder five minutes later and did not see Benton on his bike; nor did he see appellant stopped, attempting to render assistance. The jury heard the above testimony and its respective time lines. The jury was entitled to infer from this testimony that appellant was not being truthful about his efforts to determine what he had hit. *See id.* (finding a jury may choose to believe some testimony and disbelieve other testimony in its determination of guilt and innocence).

■ Appellant further testified he walked about five feet into the ditch and looked around but did not see the damaged bicycle or Benton's body. In contrast, the jury heard Thompson testify that he saw a glimmer of Benton's damaged bicycle as he drove along the same portion of the feeder later that evening without knowledge that an accident had occurred. Thompson further testified he called the police after finding Benton's body lying in the ditch as it was apparent assistance was needed. The testimony of witnesses other than appellant can establish appellant's knowledge of the circumstances surrounding his conduct. *See Allen*, 971 S.W.2d at 718.

For the reasons discussed above, we conclude that the State presented legally and factually sufficient evidence to the jury to show that appellant failed to stop *or* stopped but failed to render reasonable assistance. *See St. Clair*, 26 S.W.3d at 99 (citing TEX. TRANS. CODE ANN. § 550.021(c) (Vernon 1999)) (emphasis added). Accordingly, appellant's points of error are overruled.

The judgment of the trial court is affirmed.