NUMBER 13-04-147-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

AGAPITO FLORES,                                                           Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 117th District Court
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Memorandum Opinion by Justice Rodriguez

         A jury found appellant, Agapito Flores, guilty of retaliation and terroristic threats. 
The trial court assessed punishment at twenty years in prison for retaliation and 180
days in jail for terroristic threats. The trial court has certified that this is not a plea
bargain case, and Flores has the right of appeal. See Tex. R. App. P. 25.2. By four
issues, Flores complains (1) that the evidence is legally insufficient to support the
jury's findings of guilt and the trial court's finding "that [Flores] used or exhibited a
deadly weapon during the commission of the offense," and (2) that there is a conflict
in the jury verdicts. We affirm.
I. Background
         As this is a memorandum opinion and because all issues of law presented by
this case are well settled and the parties are familiar with the facts, we will not recite
the law and the facts here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Analysis
A. Challenge to Date Alleged in Indictment
         By his first issue, Flores complains that the State failed to prove the date of the
retaliatory threat as alleged in the indictment. The date of a crime as alleged in the
indictment, however, is not an element of the crime that the State needs to prove. 
See Owens v. State, 96 S.W.3d 668, 672 (Tex. App.–Austin 2003, no pet.). 
Typically, the date alleged in the indictment is merely an approximation that allows the
State to prosecute a defendant for acts occurring within the limitations period. See
Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); Ponce v. State, 89
S.W.3d 110, 117 (Tex. App.–Corpus Christi 2002, no pet.). Accordingly, the "on or
about" language of the indictment allows the State to prove a date other than the one
alleged in the indictment as long as the date is anterior to the presentment of the
indictment and within the statutory limitations period. Sledge, 953 S.W.2d at 256;
Ponce, 89 S.W.3d at 117; see Tex. Code Crim. Proc. Ann. art. 21.02(6) (Vernon
1989).
         In the present case, the dates of the offenses proven, from September 8, 2003
through mid-October 2003, are anterior to the presentation of the indictment on
October 23, 2003 and within the three year limitation period. See Tex. Code Crim.
Proc. Ann. art. 12.01(6) (Vernon 2005) (stating that all felony indictments except for
those felonies identified in subsections (1) through (5) may be presented within three
years of date of commission of offense); Tex. Pen. Code Ann. § 36.06(c) (Vernon
Supp. 2004-2005) (providing retaliation is second or third degree felony). Therefore,
it was permissible for the State to proceed on events that occurred in September and
October 2003, even though the indictment alleged that the offenses occurred "on or
about September 26, 2003." We overrule Flores's first issue.
B. Sufficiency Challenge to Terroristic Threat Conviction
         Flores complains generally in his second issue that the evidence was legally
insufficient to prove the offense of terroristic threats. However, in accordance with
rule 38.1(h) of the Texas Rules of Appellate Procedure, we will only consider
contentions that are supported by clear and concise arguments with appropriate
citations to authorities and the record. Tex. R. App. P. 38.1(h); Rhoades v. State, 934
S.W.2d 113, 119 (Tex. Crim. App. 1996). By raising an issue and failing to present
any argument or to cite authority on that issue, the appellant waives error. See Tufele
v. State, 130 S.W.3d 267, 271 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd).
Because this issue is inadequately briefed, we overrule Flores's second issue. 
C. Jury Verdict Conflict
         By his third issue, Flores contends that there is a conflict in the verdict because
he cannot be found guilty of both retaliating and making terroristic threats against the
same party. However, the two counts in this case relied upon different threats
communicated at different times to two different people, although they were made
against one person. Moreover, appellant may not raise a complaint that the jury gave
conflicting answers in the verdict for the first time on appeal. See Tex. R. App. P.
33.1; Nelson v. State, 798 S.W.2d 867, 868 (Tex. App.–Dallas 1990, pet. ref'd). In
the present case, Flores made no objection to the guilty verdicts at the time they were
received or at the time the trial court sentenced him, and he filed no motion for new
trial. See Nelson, 798 S.W.2d at 868. Accordingly, Flores has waived error, and we
overrule his third issue.
D. Challenge to Trial Court's Finding of Use or Exhibiting Deadly Weapon
         In his fourth issue, Flores challenges the deadly weapon finding in the trial
court's judgment adjudicating guilt.


 Flores contends there is no evidence in the record
to support the trial court's finding. 
         When the judge is the trier of fact during the punishment phase of a trial, as in
the present case, she can make an affirmative deadly weapon finding in the judgment
if she has heard evidence on the deadly weapon issue and the trier of fact in the guilt-innocence phase of trial, the jury in this case, did not decide the matter. Fann v.
State, 702 S.W.2d 602, 604 (Tex. Crim. App. 1985) (opinion on reh'g). In the
present case, while the jury did not decide the matter, the judge presiding over the
adjudication hearing did not hear evidence on that issue. Therefore, we agree with
Flores that there is no evidence to support such a finding. We do, however, have the
authority to modify incorrect judgments when the necessary information is available
to do so. See Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.
Crim. App. 1993). We, therefore, modify the trial court's judgment adjudicating guilt
to delete the affirmative finding of use or exhibition of a deadly weapon during the
commission of the offense. See Tex. R. App. P.43.2(b); Asberry v. State, 813 S.W.2d
526, 529 (Tex. App.–Dallas 1991, pet. ref'd).
III. Motion for Leave to File Pro Se Supplemental Brief
         On November 18, 2004, Flores's motion for leave to file a pro se supplemental
brief was carried with the case. Flores, however, does not have a right to hybrid
representation. Scheanette v. State, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App.
2004) (citing Patrick v. State, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995);
Lockhart v. State, 847 S.W.2d 568, 569 n.1 (Tex. Crim. App. 1992)). Thus, we will
not address Flores's pro se issue.


 Flores's motion for leave to file a pro se
supplemental brief is, hereby, denied.
IV. Conclusion
         Accordingly, we affirm the trial court's judgment as modified.                                                                                          
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 9th day of June, 2005.