# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00649-CR

**Roger Parmele, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT NO. 9024144, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In a bench trial, appellant, Roger Parmele, was found guilty of aggravated assault and failure to stop and render aid. *See* Tex. Pen. Code Ann. 22.02(a)(2) (West Supp. 2005) (aggravated assault); Tex. Transp. Code Ann. § 550.021(c) (West 1999) (failure to stop and render aid). Parmele asserts that the evidence is legally and factually insufficient to support his conviction for each offense. We will affirm the judgment of the district court.

## BACKGROUND

On the night of September 7, 2001, John Peed was driving a motorcycle on Ranch Road 620 with his wife, Shelly Peed, riding with him. The portion of RR 620 where the Peeds were traveling was a four-lane road with a center turn lane. John testified that he was driving at

approximately 60 miles per hour in the left-hand lane. He was certain he had stayed in this lane and had not crossed over into the center turn lane.

Shelly testified that she suddenly saw a vehicle turning in front of them. She recalled John swerving the motorcycle and bright lights coming toward them. John testified that all he remembered was a "white blur." The next thing both John and Shelly remembered was waking up in a hospital with serious injuries. The pair had collided with a pickup truck.

Richard and Pamela Boettcher witnessed the collision. They were driving in the right-hand lane of RR 620 when they were passed by the Peeds, who were traveling in the left-hand lane. Just after the Peeds passed them, Richard saw a pickup truck headed in the opposite direction turn very slowly into the left-hand lane and hit the Peeds. He stated that the collision occurred in the left-hand lane where the Peeds were traveling, not the center turn lane. Richard testified that the Peeds "never had a chance" to avoid the pickup and that he pushed hard on his brakes and veered off the road to the right to avoid colliding with the truck.

The Boettchers got out of their vehicle and ran to the crash scene. They saw the Peeds' motorcycle lodged under the pickup and heard voices moaning in pain. They found John under the passenger side of the truck and Shelly lying in the turn lane, both seriously hurt. Parmele, the driver of the truck, was wandering around the scene, asking for a cigarette. Richard testified that Parmele appeared intoxicated and unaware of what had happened—he was "stumbling around and mumbling." As the Boettchers were trying to help the Peeds and waiting for the police to arrive, Pamela saw Parmele wander off toward some nearby warehouses. The Boettchers eventually lost

sight of Parmele and were not able to find him. Parmele did not return to the collision scene that night.

At approximately 11:30 that evening, Department of Public Safety Officer Todd Ashby was dispatched to investigate the collision. When he arrived, the Peeds had already been transported to a hospital. The Travis County Sheriff's Department was in the process of looking for Parmele. While searching the truck, Ashby discovered five empty twelve-ounce beer cans in the bed of the pickup and seven unopened twelve-ounce beer cans inside an ice chest in the truck.

The next day, Parmele contacted DPS, looking for his truck. Officer Ashby set up a meeting with Parmele so that he could ask him questions about the accident. Parmele told Ashby that the collision occurred when he was turning left into the Vineyard business center, where he worked. He told Ashby that he did not see any headlights prior to the collision and didn't remember anything after the accident. Ashby testified that there was nothing on RR 620 that would have prevented Parmele from seeing the Peeds' oncoming headlights; the portion of RR 620 where Parmele was traveling is a "wide stretch of road" with only a "few slight curves in it." Ashby also testified that Parmele was able to recall the approximate time when the accident took place.

Parmele also admitted to Ashby that he had been drinking the day of the collision, and that after the accident, he walked to his shop, passed out on the floor, and did not wake up until the next morning. Based on these statements, the statements of the Boettchers, and the manner in which the collision occurred, Ashby testified that he believed Parmele was intoxicated at the time of the collision. Ashby also testified that Parmele's pickup truck was a deadly weapon in the manner in which he was driving it.

3

Parmele testified that he had consumed several beers during the day of the collision, including at least one that night, but he did not believe his drinking contributed to the collision. Parmele testified that all he remembered about the accident was looking down the road, signaling a turn, and then, as he began to turn, hearing a "big crack" and seeing white. Parmele testified that the next thing he remembered was waking up the next morning on the floor of his shop. He further testified that he looked for his truck, could not find it, and then remembered an impact, seeing white, and hearing a loud crash. Parmele walked to where the accident occurred and saw paint marks on the highway. He returned to his shop, called DPS, and was told that he needed to come in to the DPS office to speak with Officer Ashby. After speaking with Ashby, Parmele was arrested for failure to stop and render aid. Parmele was later charged with the additional offense of aggravated assault with a deadly weapon.

Parmele waived his right to a jury trial. The district court found Parmele guilty of two counts of aggravated assault and two counts of failure to stop and render aid.[1] The court then sentenced Parmele to 18 years' confinement for each offense, to run concurrently. This appeal followed.

**DISCUSSION**

In four issues on appeal, Parmele contends that the evidence is legally and factually insufficient to support his convictions for aggravated assault and failure to stop and render aid.

---

[1] Counts one and three related to John Peed's injuries; counts two and four related to Shelly Peed's injuries.

**Standard of review**

When there is a challenge to the legal sufficiency of the evidence to sustain a criminal conviction, we consider whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). We review all the evidence in the light most favorable to the verdict, assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *See Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). It is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). We consider even erroneously admitted evidence. *Id*.

In a factual sufficiency review, we consider all the evidence equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). We consider all the evidence, rightly or wrongly admitted. *See Camarillo v. State*, 82 S.W.3d 529, 537 (Tex. App.—Austin 2002, no pet.). Due deference must be accorded the fact-finder's determinations, particularly those concerning the weight and credibility of the evidence, and we may disagree with the result only to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). We will deem the evidence factually insufficient to sustain the conviction if the proof of guilt is too weak or the

contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484-85; *see Johnson*, 23 S.W.3d at 11.

**Failure to stop and render aid**

In his first and second issues, Parmele asserts that the evidence is legally and factually insufficient to support his conviction for failure to stop and render aid.

A person commits the offense of failure to stop and render aid if (1) a driver of a vehicle (2) involved in an accident (3) resulting in injury or death of any person (4) intentionally and knowingly (5) fails to stop and render reasonable assistance. *See* Tex. Transp. Code Ann. § 550.021; *Goar v. State*, 68 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Parmele contends that the evidence is legally and factually insufficient to prove that he was aware that an accident had occurred.

The culpable mental state for failure to stop and render aid is proven by showing that "the accused had knowledge of the circumstances surrounding his conduct," meaning the accused had knowledge that an accident occurred. *Goar*, 68 S.W.3d at 272. Intent or knowledge may be inferred from the acts, words, and conduct of an accused at the time of an offense. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). The testimony of witnesses other than the accused can establish the accused's knowledge of the circumstances surrounding his conduct. *Goar*, 68 S.W.3d at 273.

Parmele testified on direct examination that he heard a "big crack" when he collided with the motorcycle. Officer Ashby testified that Parmele told him that he heard a "bang" as he turned into the business center. The Boettchers also testified that they heard the crash as it happened.

6

Evidence that the collision created a loud noise that Parmele and other witnesses could hear is sufficient to prove Parmele's knowledge of the accident. *See Allen v. State*, 971 S.W.2d 715, 718 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Viewing this evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Parmele knew there had been an accident. *See Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). Thus, the evidence is legally sufficient to support Parmele's conviction for failure to stop and render aid. We overrule Parmele's first issue.

There was some evidence in the record suggesting that Parmele may have been unaware that an accident occurred. Richard Boettcher testified that Parmele "appeared to be completely unaware of what had just happened," and Pamela Boettcher testified that Parmele "didn't seem to be aware of what had happened." However, there is also evidence that the collision made a loud sound, that the Peeds were obviously injured at the scene and were moaning in pain, and that Parmele knew the time of the accident when he was being interviewed by Ashby. These facts all suggest that Parmele knew that he had been involved in an accident. Considering all the evidence in a neutral light, we conclude that the trier of fact was rationally justified in finding beyond a reasonable doubt that Parmele knew that an accident had occurred. *See Zuniga*, 144 S.W.3d at 484. Thus, the evidence is factually sufficient to support Parmele's conviction for failure to stop and render aid. We overrule Parmele's second issue.

**Aggravated assault**

In his third and fourth issues, Parmele asserts that the evidence is legally and factually insufficient to support his conviction for aggravated assault.

7

A person commits aggravated assault if the person commits an assault and in the process of doing so (1) causes serious bodily injury to another, or (2) uses or exhibits a deadly weapon during the commission of the assault. Tex. Pen. Code Ann. § 22.02(a). To prove the underlying offense of assault, the State must show that the person "intentionally, knowingly, or recklessly [caused] bodily injury to another." *Id*. § 22.01(a)(1). In counts one and two of the indictment, the State alleged that Parmele recklessly caused bodily injury to John Peed and Shelly Peed, respectively. A person is reckless with respect to the circumstances surrounding or the results of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. *Id*. § 6.03(c). Parmele contends that there is legally and factually insufficient evidence that he was reckless.

Whenever recklessness is an element of an offense, the State must allege with reasonable certainty the act or acts relied upon to constitute recklessness. Tex. Code Crim. Proc. Ann. art. 21.15 (West 1989). The State alleged in the indictment that Parmele drove his truck while intoxicated, turned the truck left into a driveway when a motorcycle being operated by John Peed was approaching from the opposite direction and was in such proximity to the truck as to be an immediate hazard, and failed to yield the right of way to the operator of the motorcycle, causing the motorcycle to collide with Parmele's truck.

The evidence at trial established that Parmele had been working out of the business center for two and a half years at the time of the accident, and had previously made the turn into the driveway many times both during the day and night. Parmele testified that he expected cars to be coming in the opposite direction at 60 miles per hour. Despite this knowledge, the evidence showed

8

that Parmele made the turn very slowly, and that if he had made the turn quickly, the accident could have been avoided. This evidence established that Parmele knew of the risk that vehicles would be approaching from the opposite direction at a very fast rate of speed, and that he consciously disregarded that risk by turning into the business center slowly, therefore causing the collision.

The evidence at trial also tended to show that Parmele was intoxicated at the time of the collision. Parmele testified that he had been drinking several beers throughout the day and night of the accident, and Parmele also testified that he "passed out" on the floor of his shop after the accident occurred. Officer Ashby testified that, based on his investigation of the crash and his two and a half years' experience as a patrol officer investigating car accidents, he believed Parmele was intoxicated when the collision occurred. Ashby also testified that he found several opened and unopened beer cans in Parmele's truck. Furthermore, Richard and Pamela Boettcher both testified that Parmele appeared intoxicated when they encountered him at the scene of the accident.

Viewing this evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Parmele was reckless in driving while intoxicated and in turning too slowly. *See Jones*, 944 S.W.2d at 647. Thus, the evidence is legally sufficient to support Parmele's conviction for aggravated assault. We overrule his third issue.

There is some evidence in the record that Parmele was not reckless in the manner the State alleged. Parmele denied being intoxicated, and he testified that he did not know a motorcycle was approaching when he made his turn, which could tend to negate his awareness of the risk of a collision. However, this contrary evidence is not too strong, and the proof of guilt is not too weak,

to justify reversing the decision of the fact-finder. *See Zuniga*, 144 S.W.3d at 484. Considering all the evidence in a neutral light, we conclude that the trier of fact was rationally justified in finding beyond a reasonable doubt that Parmele was reckless. Thus, the evidence is factually sufficient to support Parmele's conviction for aggravated assault. We overrule his fourth issue.

## CONCLUSION

Having overruled all of Parmele's issues, we affirm the judgment of the trial court.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Patterson and Pemberton

Affirmed

Filed:   April 28, 2006

Do Not Publish