COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BERNADETTE BARNETTE, | § | No. 08-09-00147-CR |
| Appellant, | § | Appeal from the |
| v. | § | 384th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20070D04197) |
| | § | |

**O P I N I O N**

Appellant, Bernadette Barnette, was convicted of accident involving personal injury or death under Section 550.021 of the Texas Transportation Code,[1] and sentenced to four years' imprisonment. In two issues on appeal, she challenges the sufficiency of the evidence and contends that the punishment charge was erroneous, which according to her, caused her egregious harm. We affirm.

**EVIDENTIARY SUFFICIENCY**

In Issue One, Appellant challenges the sufficiency of the evidence.[2] Specifically, she contends that the State failed to prove that she had knowledge that: (1) she was involved in an

---

[1] The offense occurred on or about October 21, 2006. Because Section 550.021 was amended in 2007, our cites to the statute in this opinion reference the version in effect in 2006. *See* Acts 1995, 74th Leg., ch. 165, § 1, eff. Sept. 1, 1995 (current version at TEX. TRANSP. CODE ANN. § 550.021 (Vernon Supp. 2010) (eff. Sept. 1, 2007)).

[2] Appellant's brief challenges both the legal and factual sufficiency of the evidence to support her conviction. However, after Appellant filed her brief, the Texas Court of Criminal Appeals did away with any factual-sufficiency review, holding that the only standard applicable to determine whether the evidence is sufficient to support each element of a criminal offense is the legal-sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (stating that "*Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense . . ."). Accordingly, we will simply review the evidence under the *Jackson* standard.

accident; and (2) she injured or killed another person. We disagree.

*Standard of Review*

A person commits an offense if she, as the driver of a vehicle, was involved in an accident that resulted in the injury or death of another, and she intentionally and knowingly failed to stop, give identifying information, and render aid. TEX. TRANSP. CODE ANN. §§ 550.021, 550.023; *Goar v. State*, 68 S.W.3d 269, 272 (Tex. App. – Houston [14th Dist.] 2002, pet. ref'd). Ample circumstantial evidence may establish a person's guilt for the offense. *Cates v. State*, 66 S.W.3d 404, 410 (Tex. App. – Houston [14th Dist.] 2001), *rev'd on other grounds*, 102 S.W.3d 735 (Tex. Crim. App. 2003).

In reviewing the sufficiency of the evidence, we consider the evidence, whether properly or improperly admitted, in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Powell v. State*, 194 S.W.3d 503, 506 (Tex. Crim. App. 2006). In so doing, we give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper*, 214 S.W.3d at 13. We, therefore, do not re-evaluate the weight and credibility of the evidence but rather simply "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Id*. at 16-17. In so doing, we presume that the fact finder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

*Application*

Appellant contends that the State failed to prove that she knew that she was involved in an accident that resulted in another's death. Case law dictates that before an accused may be held culpable for the offense charged in this case, she must have knowledge that an accident occurred. *Goss v. State*, 582 S.W.2d 782, 785 (Tex. Crim. App. 1979); *Goar*, 68 S.W.3d at 272; *Baker v. State*, 974 S.W.2d 750, 750 (Tex. App. – San Antonio 1998, pet. ref'd). That does not mean, however, that she must have positive, subjective knowledge of the nature or extent of the injury resulting from the collision. *McCown v. State*, 192 S.W.3d 158, 162 (Tex. App. – Fort Worth 2006, pet. ref'd). Rather, the accused simply must have constructive knowledge that an accident occurred. *Id*. at 163. Such intent or knowledge may be inferred from the acts, words, and conduct of the accused at the time of the offense. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). Indeed, if a collision occurs under circumstances that a reasonable person would or should have anticipated would result in injury to another person, knowledge of that fact is imputed to the driver. *McCown*, 192 S.W.3d at 163; *Goar*, 68 S.W.3d at 272.

Here, the record reflects that Appellant, on October 21, 2006, was driving around El Paso, looking for her boyfriend, who had failed to show up for their date. At 3:15 a.m., Appellant left McDonalds and drove down Dyer Street where she "hit something" with her vehicle. Appellant believed that it was an animal or a pole. According to her testimony, Appellant stopped her car, got out, and looked in the vicinity of the front of her car. However, she claimed that it was too dark and that she did not see anything. Appellant then left the scene. She did not call the police. She was later found at her home with her damaged car parked in the driveway although she testified that she could not recall what happened after she stopped her vehicle at the accident scene.

3

At approximately 3:30 a.m., two drivers called 911 upon seeing a dead body on the roadway. Gabriel Gonzalez, an emergency medical technician, testified that when he arrived on the scene, he saw a body, later determined to be Army Staff Sergeant Leon Hickmon, laying in the middle of the road. He also saw brain matter on the roadway, which he knew was an obvious sign of death, and pronounced Hickmon "DOS" – dead on scene. An autopsy later determined that Hickmon died as a result of a vehicular-pedestrian accident.

Police investigators found vehicle debris in the middle of the road. Analysis of that debris led them to believe that a white Plymouth or Dodge Neon was involved in the accident. Soon, an off-duty police officer spotted such a vehicle in front of Appellant's home. The vehicle showed extensive damage to the front hood, a shattered front and rear windshield, and a dented roof.

Viewing the evidence in the light most favorable to the verdict, we conclude that sufficient evidence was presented from which the jury could rationally find that Appellant knew she struck and injured or killed another person with her vehicle. Appellant's own testimony admitted that she knew she hit something, and the photographs admitted into evidence showed that her car sustained extensive damage; thus, the jury could have rationally concluded that Appellant knew she was involved in an accident. *Delgadillo v. State*, No. 08-01-00455-CR, 2004 WL 1375404, at *1, 7 (Tex. App. – El Paso June 7, 2004, pet. ref'd) (op., not designated for publication) (concluding that jury could find Appellant knew she was involved in an accident, despite her claim that she had no knowledge of the accident, when her car sustained extensive damage); *Jones v. State*, No. 08-00-00070-CR, 2001 WL 200341, at *1-2 (Tex. App. – El Paso Mar. 1, 2001, no pet.) (op., not designated for publication) (finding evidence sufficient when appellant's car sustained damage showing "significant impact" – a broken windshield and dent in the front of the car – and spun in

a complete circle after hitting a pedestrian; "[t]he jury could certainly have found that such events could not go unnoticed and that [appellant] knew that he had been involved in an accident."). Moreover, although Appellant testified that she stopped, looked outside her door, and did not see anything, the jury could have found the stop insufficient, disregarded her testimony, and rationally inferred that she knew she hit and killed another person given the dead body found just minutes after the accident occurred and the debris that matched Appellant's vehicle found near the body. *See Moore v. State*, 145 S.W.2d 887, 888 (Tex. Crim. App. 1940) (explaining that in accident cases a stop "does not mean a stop for an instant, enabling but a cursory examination of the surroundings, but does mean a definite cessation of movement for a sufficient length of time for a person of ordinary powers of observation to fully understand the surroundings of the accident and to possess himself of an accurate knowledge of the results of the accident. . . . [T]he mere fact that the injured person was found to be dead some few minutes after the accident, would not be a sufficient excuse to absolve appellant from blame on account of a failure to stop an appreciable length of time."); *see also Goar*, 68 S.W.3d at 272-73 (the jury was entitled to disbelieve appellant's testimony that he thought he hit a mailbox and that he tried to look for a possible victim given the time line of the accident and other witness testimony who came upon the scene and saw the injured victim); *Marez v. State*, No. 13-06-00476-CR, 2007 WL 2333155, at *1, 4-5 (Tex. App. – Corpus Christi Aug. 16, 2007, pet. ref'd) (mem. op., not designated for publication) (finding sufficient evidence for jury to find that appellant hit and killed a pedestrian when the record showed significant damage to her car although she testified that she only heard a "thump" and thought she just hit a marker or a tire, not a person). Accordingly, we conclude that the evidence is sufficient to sustain Appellant's conviction and overrule Issue One.

**ERRONEOUS CHARGE**

Appellant's second issue contends that the punishment charge was erroneous and caused her egregious harm. According to Appellant, the charge, contrary to Section 550.021(c), erroneously recited that the offense was punishable by a minimum term of imprisonment of two years in the Texas Department of Criminal Justice. Appellant then points to the jury notes submitted during the punishment phase to argue that the erroneous language in the charge caused her egregious harm. Although we agree that the charge was erroneous, a review of the entire record does not lead to the conclusion that Appellant suffered egregious harm from that error.

*Standard of Review*

In analyzing a punishment charge for error, we employ a two-step process. *Swearingen v. State*, 270 S.W.3d 804, 808 (Tex. App. – Austin 2008, pet. ref'd). First, we determine whether error exists in the charge. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). If error is found, we then review the record to determine whether Appellant was harmed by that error. *Id*. When, as here, the complaining party fails to object to the alleged error in the charge, she must demonstrate egregious harm before reversal is warranted. *Neal v. State*, 256 S.W.3d 264, 278 (Tex. Crim. App. 2008).

*Was the Charge Erroneous?*

The relevant statute at issue provided that the offense for accident involving personal injury or death is punishable by "imprisonment in the institutional division of the Texas Department of Criminal Justice for not more than five years or confinement in the county jail for not more than one year." TEX. TRANSP. CODE ANN. § 550.021(c). However, the punishment charge presented to the jury in this case stated that the offense was punishable "by imprisonment in the institutional division

6

of the Texas Department of Criminal Justice for any term [of] not more than 5 years *or less than 2 years* or confinement in the County Jail for not more than one year." (Emphasis added). The two-year minimum language found in the charge is not contained in the statute. *See id*. Thus, as the State concedes, the punishment charge was erroneous.

*Did Appellant Suffer Egregious Harm?*

Nevertheless, we have reviewed the record and cannot conclude that Appellant suffered egregious harm based on the erroneous charge. "In determining whether egregious harm occurred, we review the error 'in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial court as a whole.'" *Jones v. State*, 300 S.W.3d 93, 100 (Tex. App. – Texarkana 2009, no pet.) (quoting *Skinner v. State*, 956 S.W.2d 532, 544 (Tex. Crim. App. 1997)). Egregious harm results when the error affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

We have already detailed the evidence above and find that Appellant's guilt was overwhelming. Turning to the punishment phase, we note that Appellant's testimony demonstrated that she was probation eligible, and during closing argument, she pled for the jury to sentence her to one year in the county jail, suspend that sentence, and place her on probation. The State, on the other hand, argued that the horrible facts of the case demonstrated a need for Appellant to be given some jail or prison time, not that she be given probation. The court's charge gave the jury the option of probation and the option to assess a one-year county jail sentence. The jury chose, however, to imprison Appellant for four years in the Texas Department of Criminal Justice, which was just one

7

year shy of the maximum allowed by law. *See* TEX. TRANSP. CODE ANN. § 550.021(c). This does not demonstrate that Appellant was egregiously harmed by the surplusage language in the charge.

Nevertheless, Appellant points to three jury notes that were sent out during deliberations, which she contends, shows that the complained-of language confused the jury. The first note stated that the jury could not agree on a time frame, the second requested a transcript of the parties' closing arguments, and the third questioned whether the jury could impose six-month increments instead of a twelve-month term. However, Appellant does not explain how those notes demonstrated jury confusion based on the erroneous, surplusage language, and our own review does not lead to that conclusion. Indeed, the first and second notes suggest no confusion about the charge, and the third, at most, is simply a request to stagger jail time over a period of time. None of the notes even hint that the jury was confused about the minimum time Appellant must serve in prison. And even if we were to conclude that the notes demonstrated some confusion on that point and thus, some harm to Appellant, that is not the standard. Rather, it is egregious harm, and based on the record presented, we cannot conclude that Appellant was egregiously harmed by the minimum two-year language in the charge.

Finally, during oral argument Appellant relied on *Coody v. State*, 812 S.W.2d 631 (Tex. App. – Houston [14th Dist.]), *rev'd on other grounds,* 818 S.W.3d 68 (Tex. Crim. App. 1991), to argue that she was egregiously harmed by the charge. In *Coody*, the defendant was convicted of intentionally causing injury to a child and sentenced to five years in prison. *Id*. at 632. On appeal, he contended that the punishment charge was erroneous, noting that the jury was asked to consider only the options of confinement in the institutional division of the Texas Department of Criminal Justice for a term of not less than two years and not more than ten years, a fine not to exceed

8

$10,000.00, or a grant of probation. *Id*. at 632, 634. The jury was not instructed on the statutory minimum punishment range for the offense, that is, confinement in a community correctional facility for any term of not more than one year. *Id*. at 634 (citing former TEX. PENAL CODE ANN. § 12.34 (Vernon 1989); Acts 1973, 63rd Leg., p. 1125, ch. 426, sec. 1, eff. Jan. 1, 1974, amended by Acts 1989, 71st Leg., ch. 785, sec. 4.01, eff. Sept. 1, 1989). Focusing solely on the fact that the jury was not given the option to assess the minimum punishment, the appellate court found egregious harm and reversed for a new punishment hearing. *Id*. at 634-35.

But contrary to *Coody*, we find the facts here distinguishable. First and foremost, the jury was instructed on the minimum term of confinement in this case, that is, one year in the county jail, and that the jury could suspend that minimum term and recommend probation. In *Coody*, the jury was not instructed at all on the statutory minimum term, apart from probation. *Id*. at 634. Second, the *Coody* court failed to engage in a proper *Almanza* harm analysis by reviewing, as we have already done, the entire jury charge, the evidence, any contested issues, the argument of counsel, and any other relevant information revealed by the record. *Almanza,* 686 S.W.2d at 171; *Skinner*, 956 S.W.2d at 544; *Jones*, 300 S.W.3d at 100. Rather, the *Coody* court simply concluded that egregious harm must result whenever the jury is not instructed on the minimum term of imprisonment. *Coody*, 812 S.W.2d at 635. And third, the punishment assessed in *Coody* fell to the lower end of the applicable punishment range whereas the punishment assessed here was just one year shy of the maximum allowed by the law. *Id*. at 632, 634. Consequently, we decline to apply *Coody* to the facts presented here.

In short, given the horrid facts of the case, the evidence of guilt as detailed above, the severity of the sentence, and the jury's rejection of any lower sentencing alternatives, we find that Appellant

9

did not suffer egregious harm simply because the charge contained surplusage language, instructing the jury that it could imprison her in the Texas Department of Criminal Justice for a minimum of two years. *See Holt v. State*, 899 S.W.2d 22, 24-25 (Tex. App. – Tyler 1995, no pet.); *Boone v. State*, No. 06-03-00250-CR, 2005 WL 598752, at *1-2 (Tex. App. – Texarkana Mar. 16, 2005, pet. ref'd) (mem. op., not designated for publication) (cases finding no harm from jury's assessment of sentence in excess of 80 years where charge erroneously stated the punishment range was 25 to 99 years' imprisonment although the minimum punishment was actually 15 years). Issue Two is overruled.

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment.


                                        GUADALUPE RIVERA, Justice

February 9, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)