

# NUMBER 13-12-00690-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

SARAH SALAZAR,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

---

### On appeal from the 117th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Perkes

Appellant Sarah Salazar appeals her conviction for failure to stop and render assistance, a third–degree felony.  *See* Act of September 1, 2007, 80th Leg,. R.S. ch. 97, 2007 Tex. Gen. Laws 105–106 (amended 2013) (current version is at TEX. TRANSP.

CODE ANN. § 550.021 (West, Westlaw through 2013 3d C.S.))[1]; TEX. TRANSP. CODE ANN. § 550.023 (West, Westlaw through 2013 3d C.S.). A jury convicted appellant and assessed punishment at six years' incarceration in the Texas Department of Criminal Justice, Institutional Division. The trial court imposed judgment, but suspended incarceration and placed appellant on seven years' probation. By two issues, appellant argues: (1) the evidence is legally and factually insufficient to sustain her conviction and (2) her conviction violates her right to due process. We affirm.

## I. BACKGROUND

Appellant drove her car into David Rizkallah, as he was pushed his pickup truck along the shoulder of a highway. The impact broke Rizkallah's pelvis, caused numerous internal injuries to his bladder and genitals, and broke both of his legs. The right tibia snapped and pushed through the skin, forming a compound fracture. Rizkallah lay face down in front of his truck as appellant sped away.

Guadalupe Jesus Salas saw the accident and followed appellant to a highway exit. He attempted to get appellant's attention and yelled to appellant that she was involved in an accident. Salas saw appellant inside her vehicle and she appeared nervous and was shaking. According to Salas, appellant seemed to acknowledge him, but she continued to drive away from the scene of the accident.

Appellant was charged in a two count indictment of assault with a deadly weapon and failure to stop and render aid. *See* TEX. PENAL CODE ANN. § 22.02 (West, Westlaw

---

[1] We use the version of Texas Transportation Code section 550.021 that was in effect at the time the offense was committed. All references herein are to the earlier version of the statute.

through 2013 3d C.S.); Tᴇx. Tʀᴀɴsᴘ. Cᴏᴅᴇ Aɴɴ. §§ 550.021, 550.023. The jury acquitted appellant of the assault charge, but convicted her of failing to stop and render aid.

## II. Sᴜғғɪᴄɪᴇɴᴄʏ ᴏғ ᴛʜᴇ Eᴠɪᴅᴇɴᴄᴇ

By her first issue, appellant argues the evidence is legally and factually insufficient to support a conviction of failure to stop and render assistance.

## A. Applicable Law

The *Jackson v. Virginia*[2] legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). The standard for determining whether the evidence is legally sufficient to support a conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson,* 443 U.S. at 319); *see Brooks*, 323 S.W.3d at 898–99. Evidence is legally insufficient when the "only proper verdict" is acquittal. *Tibbs v. Florida,* 457 U.S. 31, 41–42 (1982).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App.

---

[2] *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Texas Court of Criminal Appeals has eliminated factual sufficiency review in criminal cases. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.).

1997)). Such a charge is one that accurately sets forth the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

Texas courts have listed the elements for the offense of failure to stop and render aid as follows: (1) an operator of a vehicle; (2) intentionally or knowingly; (3) involved in an accident; (4) resulting in personal injury or death; (5) fails to stop and render reasonable assistance. TEX. TRANSP. CODE ANN. §§ 550.021, 550.023; *St. Clair v. State,* 26 S.W.3d 89, 98 (Tex. App.—Waco 2000, pet. ref'd.); *see Steen v. State*, 640 S.W.2d 912, 915 (Tex. Crim. App. 1982) (en banc); *see also Allen v. State*, 971 S.W.2d 715, 717 (Tex. App.—Houston [14th Dist.] 1998, no pet.). The culpable mental state for failure to stop and render aid is proven by showing that "the accused had knowledge of the circumstances surrounding [her] conduct," meaning the defendant had knowledge that an accident occurred. *Goar v. State*, 68 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd); *see St. Clair,* 26 S.W.3d at 98 (examining burden to prove the culpable mental state of failure to stop and render aid).

## B. Discussion

In this case, appellant testified that she was driving her vehicle when she thought she drifted into a wall, and then heard a "clang" and "a bashing noise." Once she realized she hit something, she continued driving to her house because she was scared and mad that she damaged her car. Appellant does not dispute the evidence that Rizkallah was the victim of the accident and suffered serious bodily injury.

4

Salas testified that appellant was involved in the accident. Salas was following appellant's car at the time the accident occurred. Salas watched appellant's vehicle hit Rizkallah and Rizkallah's truck. Salas further testified that he followed appellant in his vehicle and "grabbed" her license plate. As Salas stopped at an intersection next to appellant, he noticed appellant's car was damaged. Salas stated that he yelled to appellant that she had hit someone, and that she should return to the scene. Appellant testified that she did not know what was going on or what Salas was saying to her, and that she was frightened by her encounter with Salas.

Viewed in the light most favorable to the prosecution, these facts show that appellant was aware of her involvement in an accident. *See Johnson*, 364 S.W.3d at 293–94. The record shows that appellant failed to stop, failed to return to the scene of the accident, and failed to render any sort of aid to Rizkallah. There is no requirement that appellant had a positive, subjective knowledge of the nature or extent of injury resulting from the collision. *McCown v. State*, 192 S.W.3d 158, 162 (Tex. App.—Fort Worth 2006, pet. ref'd). If a collision occurs under circumstances that a reasonable person would or should have anticipated would result in injury to another person, knowledge of that fact is imputed to the driver. *See Goar,* 68 S.W.3d at 272 (holding that rational jury could determine that appellant knew of apparent injury to cyclist when a witness who had no knowledge that accident occurred testified that he discovered a body in a ditch after he observed glimmer of damaged bicycle as he drove along same portion of the road where earlier accident occurred); *Allen,* 971 S.W.2d at 718–19 (holding that rational jury could determine appellant "knew of the 'apparent' injury to a cyclist" based

5

on testimony that appellant and others heard the collision and cyclist was injured thereafter).

We hold a rational trier of fact could have found the elements of the offense of failure to stop and render assistance beyond a reasonable doubt. *See Johnson,* 364 S.W.3d at 293–94; *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000) (finding a jury may choose to believe some testimony and disbelieve other testimony in its determination of guilt and innocence). We overrule appellant's first issue.

### III. VIOLATION OF CONSTITUTIONAL RIGHTS

By her second issue, appellant argues that an acquittal of count one, but a conviction on count two, violates appellant's due process rights under the United States Constitution and the due course of law provision of the Texas Constitution. *See* U.S. Const. amend. XIV, § 1; Tex. Const. art. 1 § 19. Specifically, appellant argues that by allowing the jury to convict on the failure to stop and render aid after acquitting appellant of aggravated assault, the trial court deprived appellant of life, liberty, property, and privileges and immunities without the benefit of due process and due course of law. We need not reach the merits of this second issue.

For a party to preserve a complaint for appellate review, the complaining party must make a specific objection and obtain a ruling on the objection. TEX. R. APP. P. 33.1; *Wilson v. State,* 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). In addition, a party must make the complaint at the earliest possible opportunity, and the point of error on appeal must comport with the objection made at trial. *Wilson,* 71 S.W.3d at 349. Failure to object at trial will waive even constitutional errors. *Fuller v. State,* 253 S.W.3d 220, 232

6

(Tex. Crim. App. 2008); *Saldano v. State,* 70 S.W.3d 873, 889–90 (Tex. Crim. App. 2002); *Broxton v. State,* 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *see Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012).

Appellant failed to object to the alleged inconsistent verdicts when the trial court received the verdict and did not otherwise make any constitutional challenges in the trial court. She failed to object when the court pronounced judgment and sentence. No motion for new trial appears in the record. Appellant raises this issue for the first time on appeal. Therefore, appellant failed to preserve error for review. *See Broxton,* 909 S.W.2d at 918; *Clark*, 365 S.W.3d at 340; *Nelson v. State*, 798 S.W.2d 867, 868 (Tex. App.—Dallas 1990, pet. ref'd) (inconsistent verdict); *see also Flores v. State*, No. 13-04-147-CR, 2005 WL 1358990, at *2 (Tex. App.—Corpus Christi June 9, 2005, no pet.) (inconsistent verdict) (mem op.). We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 14th
day of August, 2014.