OPINION
Opinion by Justice Rodriguez
A jury convicted appellant Wilson Orlando Matamoros a/k/a Wilson Matamoros a/k/a Wilson Orlando Matamoros Reyes of one count of intoxication manslaughter, a second-degree felony. See Tex Penal Code Ann. § 49.08 (West, Westlaw through 2015 R.S.). Additionally, the jury convicted appellant of committing the offense of failure to stop and render assistance, which in this case is a second-degree felony. See Tex. Transp. Code Ann. §§ 550.021(c)(1), 550.023 (West, Westlaw through 2015 R.S.). The jury assessed appellant’s punishment at seventeen years in the Texas Department of Criminal Justice—Institutional Division, on each count, with the sentences to run concurrently.
In his sole issue, appellant challenges the sufficiency of the evidence to support the State’s conviction. We affirm.
I. Background
On February 7, 2014, at 11:30 P.M., officers responded to the scene of an accident in Brownsville, Texas. It is undisputed that a minivan crashed into a bus stop approximately ten minutes prior to the officers’ arrival, resulting in the death of Ricardo Briones. Eyewitness testimony -established that soon after the accident, a person was seen exiting the van and running from the accident scene.- It is also undisputed that shortly after the accident, the owner of the van, Mario Daniel De La Cruz, arrived at the scene and told police *61 that an employee of his, <cWilson,” called him and reported that the van had been stolen. According to De La Cruz, Wilson called him a second time to tell him where the van was located. De La Cruz identified his employee as Wilson Matamoros.
The record shows that officers, with the help of De La Cruz, made contact and eventually detained Matamoros at a local bar shortly after the accident. Matamoros explained that earlier in the evening, prior to the accident, two men hit him on the back of the head and commandeered his van while at a gas station. Matamoros suggested that he then rode around with a passer-by in search of the vehicle but was unable to find it and was subsequently dropped off at the bar where he was detained. After taking Matamoros’s statement, officers transported him to the Brownsville Police Department, where a horizontal gaze nystagmus (HGN) sobriety test returned a result suggesting intoxication.
Matamoros was indicted and charged with intoxication manslaughter and failure to stop and render assistance. He entered a plea of not guilty to each count. At trial, a jury found Matamoros guilty of both counts and sentenced him to two concurrent seventeen-year terms. This appeal followed.
II. Standard of Review
When considering legal sufficiency of a case, courts of appeal review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under the single sufficiency standard set out in Jackson v. Virginia. 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); see also Matlock v. State, 392 S.W.3d 662, 667 (Tex.Crim.App.2013).
In- determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt.
Gear v. State, 340 S.W.3d 743, 746 (Tex.Crim.App.2011) (citing Jackson, 443 U.S. at 318-19, 99 S.Ct. 2781); see Matlock, 392 S.W.3d at 667,[1] When viewing the evidence in the light most favorable to the verdict, “the reviewing court is required to defer to the jury’s credibility and weight determinations because the jury is the sole judge of the witnesses’ credibility and the weight to be given their testimony.” Brooks v. State, 323 S.W.3d 893, 899 (Tex.Crim.App.2010); see also Winfrey v. State, 393 S.W.3d 763, 768 (Tex.Crim.App.2013). *62 We do not resolve any conflict of fact or assign credibility to the witnesses, as it was the function of the trier of fact to do so,. See Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App.1992) (en banc); Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App.1991) (en banc). It is not necessary that every fact point directly and independently to the defendant’s guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. Johnson v. State, 871 S.W.2d 183, 186 (Tex.Crim.App.1993) (en banc) (citing Russell v. State, 665 S.W.2d 771, 776 (Tex.Crim.App.1983) (en banc)). .
Additionally, the sufficiency of the evidence adduced at trial is “measured against the elements of the offense as defined by a hypothetically correct jury charge.” Villarreal v. State, 286 S.W.3d 321, 327 (Tex.Crim.App.2009). The hypothetically correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State’s burden of proof or unnecessarily restrict the State’s theories of liability, and adequately describes the particular offense for which the defendant was tried. Id,
III. Applicable Law
A person commits the offense of intoxication manslaughter if he: (1) operates a motor vehicle in a public place; and (2) is intoxicated and by reason of that intoxication causes the death of another by accident or mistake. See Tex. Penal Code Ann. § 49.08. As relevant’ in this case, “intoxication” is defined in the penal code as not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug,’ a dangerous drug, a combination of two or more of those substances, or any other substance into the body. Id. § 49.01 (2)(A) (West, Westlaw through 2015 R.S.).
A person commits an offense pursuant to section 550.021 of the transportation code when the person operates a vehicle involved in an accident that results or is reasonably likely to result in injury to or death of a person and does not: (1). immediately stop the vehicle at the scene of the accident or as close to the scene, as possible; (2) immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident; (3) immediately determine whether a person is involved in the accident, and if a person is involved in the accident, whether that person requires aid; and (4) remain at the scene of the accident until the operator complies with the requirements of the Texas Transportation Code section 550.023. Tex. Tuansp. Code Ann. § 550.021; see Id. § 550.023. To comply with section 550.023, the operator of a vehicle involved in an accident which results in personal injury or death or damage to a vehicle must provide any person injured in the accident reasonable assistance if it is apparent that treatment is necessary. Tex. TRANsp. Code Ann. § 550.023.
IV.. .Analysis
Challenging the sufficiency of the evidence, in his issue on appeal, appellant contends that the State failed to prove beyond a reasonable doubt the following: (1) appellant was the driver of the vehicle at the time of the accident under Counts 1 and 2; (2) appellant was intoxicated while driving the vehicle at the time of the accident under Count 1; (3) the victim’s death occurred .by reason of intoxication under Count 1; and (4) if appellant was driving, he was aware that there was someone at the scene who needed medical attention under Count 2.
*63 A. Operator of the Vehicle at the Time of the Accident
It is undisputed that, after arriving on the scene of the accident, officers discovered that the driver of the van was not present at the scene. Upon inspection of the van’s interior, officers discovered that the ignition key had been removed. Officers testified that the owner of the van informed them that only one set of van keys existed and identified appellant as the last known driver of the vehicle. When appellant was detained approximately fifteen minutes following the arrival of officers at the scene of the accident, appellant was in possession of a set of keys to the van. While being questioned about the van being stolen, appellant explained to police that the key could lie removed from the van while the vehicle was running. Witnesses testified that the van could only be driven with the key in the ignition. The owner also told police that the van could only be driven with the key in the ignition.
The officer’s testimony revealed that appellant’s former • girlfriend; Esmerelda Vega, informed them that while visiting appellant after the accident occurred, appellant admitted to being behind the wheel and driving the van the night of the accident. Appellant told her that “something unexpected happened to him,” and that he “gave the turn too wide ... and didn’t realize where he went,” which resulted in a collision. According to the officer, Vega showed him on her cell phone that she received two missed calls from appellant within five minutes of witnesses reporting the accident to police. While being questioned by police, Vega explained that appellant never mentioned the allegedly stolen van.
Appellant argues that this evidence is insufficient to prove he was the driver of the van at the time of the accident. We disagree. The jury, having heard testimony from several police officers, was free to conclude that the evidence inculpated appellant as the driver of the van at the time of the accident. This is a reasonable deduction based on appellant’s admission to his former girlfriend, along with testimony regarding appellant’s possession of the sole set of keys to the van and testimony explaining that the ignition key could not be removed unless the van was turned off. See Lacour v. State, 8 S.W.3d 670, 671 (Tex.Crim.App.2000) (en banc) (determining the relevant appellate inquiry for assessing evidentiary sufficiency is whether any rational trier of fact could draw reasonable inferences from the facts that would allow them to find the essential elements of the crime beyond a reasonable doubt).
In his defense, appellant alternatively claims that he was hit over the head by two men at a gas station and that the van was subsequently stolen. He then asserts that a passer-by picked him up and, together, they searched for the vehicle. Appellant also points to witness statements describing the individual leaving the scene of the accident as wearing clothing different from those appellant had on when he was arrested, and the overall description of the driver not matching appellant’s body frame. However, police had not identified any suspects or made any arrests in connection with appellant’s claim. Furthermore, appellant points to no evidence of the existence of a “passer-by,” and the existence of these anonymous and unidentified individuals are only explicitly tied to appellant’s alternativé hypothesis by his statement to police and no other testimony.
The combined and cumulative force of all the incriminating circumstances leads us to conclude that there was sufficient evidence beyond a reasonable doubt for *64 the jury to conclude appellant was the driver of the van. See Brooks, 323 S.W.3d at 902 (quoting Jackson, 443 U.S. at 326, 99 S.Ct. 2781). The State thus established that appellant was the operator of the vehicle at the time of the accident. See Tex, Penal Code Ann. § 49.08; Tex. Transp. Code Ann. § 550.021.
B. Driving Intoxicated
Two officers from the Brownsville Police Department testified that appellant displayed signs of intoxication, including red, bloodshot eyes and slurred speech. These officers observed appellant on two different occasions the night.of his arrest: at the time of his detainment and after his arrival at the police station. Officer Juan Alvarez encountered appellant ten to fifteen minutes after the accident call came into the police station. He testified that appellant had bloodshot eyes and the smell of alcohol on his breath. Officer Cornelio Renteria, who administered a HGN test on appellant shortly after he was detained at the station, testified that the results of the test indicated that appellant was intoxicated.[2] There was also testimony that Vega informed the police that when she spoke to appellant earlier that evening—before the accident—he was on the way to get drinks with friends. When the police located appellant outside of the bar following the accident, neither the patrons nor the bouncer recalled ever seeing Matamoros inside the bar.
Taken in the light most favorable to the verdict, a rational fact finder could have found beyond a reasonable doubt that appellant was intoxicated both during and after the time the accident took place. See Gear, 340 S.W.3d at 746 (citing Jackson, 443 U.S. at 318-19, 99 S.Ct. 2781); see also Matlock, 392 S.W.3d at 667. The State established this challenged element—that appellant was intoxicated at the time he was driving. Tex Penal Code Ann. § 49.08.
G. Death Occurred by Reason of Intox-ipation
Appellant admitted to his former girlfriend that while driving the van on the night in question, he made too wide of a turn and had a collision, running into the bus stop. The lead investigator, Officer Cris Ortiz, testified that someone in full command of his mental and physical faculties while driving within the speed limit would have been able to navigate the turn. The introduction of alcohol into the driver’s system, according to Officer Ortiz, was a pripiary factor in causing the accident. Appellant suggests that slippery roads and not his intoxication caused the accident.
The State is not required to prove that intoxication is the sole cause of the accident. See Tex. Penal Code Ann. § 6.04 (West, Westlaw through 2015 R.S.) (“A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.”). When concurrent pauses are present, the “but for” requirement under the Texas Penal Code is satisfied when either (1) the accused’s conduct is sufficient by itself to have caused the harm; or (2) the accused’s conduct couplpd with another cause is sufficient to have caused the harm. Tex. Penal Code Ann. § 6.04(a); see also Robbins v. State, 717 S.W.2d 348, 351 (Tex.Crim.App.1986) (en banc).
Whether such a causal connection exists is normally a question for the *65 jury’s determination. See Hardie v. State, 588 S.W.2d 936, 939 (Tex.Crim.App.1979); see also Wooten v. State, 267 S.W.3d 289, 295 (Tex.App.—Houston [14th Dist.] 2008, pet. ref'd). The State was required to prove that appellant’s intoxication, and not just his operation of a vehicle, caused the fatal result. See Wooten, 267, S.W.3d at 295; see also Glauser v. State, 66 S.W.3d 307, 313 (Tex.App.—Houston [1st Dist.] 2000, pet. refd) (determining that the evidence was legally sufficient to prove causation by appellant’s intoxication because the testimony reflected that someone in “full command of his mental and physical faculties while driving” at the rate of speed the appellant claimed to have been driving would have been able to avoid hitting the disabled vehicle). A jury may draw reasonable inferences regarding the ultimate facts from basic facts. Lacour, 8 S.W.3d at 671. Because the jury was free to believe or disbelieve any portion of the testimony, we are to presume that the jury resolved conflicts in favor of the “prosecution” or “verdict.” See Sharp v. State, 707 S.W.2d 611, 614 (Tex.Crirm.App.1986) (en banc).
Based on the evidence set out above, a reasonable fact finder could have found beyond a reasonable doubt that “but for” appellant’s intoxication and operation of a motor vehicle on a public street, the death would not have occurred. See Tex. Penal Code Ann. § 6.04(a). We conclude the State established that death occurred by reason of intoxication. See id. § 49.08.
D. Appellant Was Aware that There was Someone at the Scene Who Needed Medical Attention
Section 550.021 of the transportation code does not prescribe a culpable mental state for commission of the offense or plainly dispense with the need to prove culpability. See Robinson v. State, 466 S.W.3d 166, 172 (Tex.Crim.App.2015); see also See Tex. TRAnsp. Code Ann. § 550.021. Therefore, one of the culpable mental states found in section 6.02 of the penal code must be read into the statute: specifically intent, knowledge, or recklessness. See Tex. Penal Code Ann. § 6.02(b) (West, Westlaw through 2015 R.S.). Texas Courts have generally attached the mental state of intent and knowledge to this offense, setting out that the elements for failure to stop and render assistance are that the defendant is the (1) operator of a vehicle (2) involved in an accident (3) resulting in personal injury or death and (4) the driver intentionally and knowingly failed to stop and render reasonable assistance. See Steen v. State, 640 S.W.2d 912, 915 (Tex.Crim.App.1982); McGuire v. State, 493 S.W.3d 177, 204-05, Nos. 01-14-00240, & 01-14-01023-CR, 2016 WL 2747221, at *19 (Tex.App.—Houston [1st Dist.], May 10, 2016, no pet. h.) (not yet released for publication) (citing Goar v. State, 68 S.W.3d 269, 272 (Tex.App.— Houston [14th Dist.] 2002, pet. ref'd)); see also Salazar v. State, No. 13-12-00690, 2014 WL 4049883, at *2 (Tex.App.—Corpus Christi Aug. 14, 2014, no pet.) (mem. op., not designated for publication).
Important to this analysis, the Texas courts have more specifically assigned the following culpable mental state to section 550.021: “the accused had knowledge of the circumstances surrounding his conduct ..., i.e., had knowledge that an accident had occurred.” Goss v. State, 582 S.W.2d 782, 785 (Tex.Crim.App.1979); accord Jaynes v. State, 673 S.W.2d 198, 201 (Tex.Crim.App.1984); Baker v. State, 974 S.W.2d 750, 750 (Tex.App.—San Antonio 1998, pet. ref'd); see Goar, 68 S.W.3d at 272 (applying the following culpable mental state: “the accused had knowledge of the circumstances surrounding his conduct, meaning the defendant had knowledge that the accident occurred”); see also *66 Salazar, 2014 WL 4049883 at *2 (finding that if a collision occurs under circumstances that a reasonable person would or should have anticipated would result in injury to another person, knowledge of that fact is imputed to the driver). More recently, the Texas Court of Criminal Appeals stressed that “a culpable mental state must attach to this circumstance, i.e., whether an accident occurred.” Huffman v. State, 267 S.W.3d 902, 908 (Tex.Crim.App.2008).
Regarding the circumstances of this case, the officers testified that Vega informed them that appellant admitted to her that he had been driving the van that night and turned too wide, which resulted in a collision at a bus stop. Police testimony established that the bus stop was located near a busy intersection and was surrounded by multiple businesses: numerous pedestrians witnessed the aftermath of the collision. Eyewitness statements described the driver of the vehicle as fleeing the scene on foot following the accident. One witness testified that he heard the crash, turned around, and saw an individual running from the van. Officer Julio Briones, the officer primarily responsible for photographing and collecting evidence at the crime scene, testified that there were various shoe prints around the van where the accident took place.[3] According to Officer Briones, these print's indicated to him that the driver exited the vehicle, observed the damage, and fled the scene.
Officer Briones also testified that fibers found on the van matched the deceased’s jacket, indicating that the van directly struck the individual. He, explained that if the driver exited the driver’s side door, it would have “definitely” been hard to miss seeing the victim next to the van. This supports a determination that the driver elected to leave the scene after assessing the seriousness of the crash or,' in the alternative, simply departed the scene without inspecting the damage or the-surrounding bus stop area. If a collision occurs under circumstances that a reasonable person would or should have anticipated would result in injury to another person, knowledge of that fact is imputed to the driver. See Goar, 68 S.W.3d at 272; see also Salazar, 2014 WL 4049883 at *2. There is no requirement that the driver, appellant in this case, had a positive, subjective knowledge of the nature or extent of injury resulting from the collision. See McCown v. State, 192 S.W.3d 158, 162 (Tex.App.—Fort Worth 2006, pet. ref'd). Instead, “[l]f an objective examination of the facts shows that it would be apparent to a reasonable person that someone has been injured in an accident and is in need of reasonable assistance, knowledge of that fact is imputed to the driver.” Huffman, 267 S.W.3d at 912.
We have determined that the evidence was sufficient to establish that appellant was the driver of the vehicle. Appellant does not dispute that the vehicle was involved in an accident and that the accident resulted in Ricardo Briones’s death. What appellant challenges is the sufficiency of the evidence to establish his awareness that someone at the scene needed medical attention. However, the question before us is whether appellant intentionally and knowingly failed to stop and render reasonable assistance—whether appellant had knowledge of the circumstances surrounding his conduct. See McGuire, 493 S.W.3d at 204-05, 2016 WL 2747221, at *19; Goar, 68 S.W.3d at 272; see also Steen, 640 S.W.2d at 915; Goss, 582 S.W.2d at 785; Salazar, 2014 WL 4049883, at *2.
*67 Given that there was sufficient evidence to establish that appellant was the driver of the van when the accident occurred, and considering the facts in the light most favorable to the verdict, the testimony offered by police and witnesses regarding the conduct of the driver following the accident provides sufficient evidence for a reasonable jury to find that appellant intentionally and knowingly failed to stop and render reasonable assistance. See Jackson, 443 U.S. at 318-19, 99 S.Ct. 2781; Johnson v. State, 364 S.W.3d 292, 293-94 (Tex.Crim.App.2012); McGuire, 493 S.W.3d at 204-05, 2016 WL 2747221, at *19; Goar, 68 S.W.3d at 272; see also Steen, 640 S.W.2d at 915; Salazar, 2014 WL 4049883, at *2. Furthermore, an objective examination of the facts shows that the evidence established appellant had knowledge of the circumstances surrounding his conduct and that an accident occurred. See Tex Transp. Code Ann. §§ 550.021, .023; Steen, 640 S.W.2d at 915; see also Huffman, 267 S.W.3d at 908; Goss, 582 S.W.2d at 785; Goar, 68 S.W.3d at 272.
E. Summary
Viewing the evidence in a light most favorable to the verdict, the evidence is sufficient to sustain appellant’s convictions for intoxication manslaughter and of failure to stop and render assistance. See Gear, 340 S.W.3d at 746 (citing Jackson, 443 U.S. at 318-19, 99 S.Ct. 2781); see, afeo Johnson, 871 S.W.2d at 186. We overrule appellant’s sole issue.
V. Conclusion
We affirm the trial court’s judgment.

. Appellant also requests that we perform a factual-sufficiency review and re-weigh the evidence presented at trial. However, this Court follows precedent set by the Texas Court of Criminal Appeals’ opinion in Brooks v. State, in which the court determined that a legal-sufficiency standard of review is indistinguishable from a factual-sufficiency standard of review. 323 S.W.3d 893, 901 (Tex.Crim.App.2010). As an intermediate appellate court, we are not at liberty to ignore binding precedent. Southwick v. State, 701 S.W.2d 927, 929 (Tex.App.—Houston [1st Dist.] 1985, no pet.). Factual-sufficiency reviews are only available in situations where a jury rejects an affirmative defense. Matlock v. State, 392 S.W.3d 662, 667-(Tex.Crim.App.2013). Upon reviewing the record, we find no evidence that appellant raised such a defense or that the jury rejected such a defense based on a preponderance of the evidence. See id. We reject appellant's invitation to conduct a factual-sufficiency review in the interest of justice because we must follow our precedent absent an intervening decision from a higher court or from this Court sitting en banc.

. The trial coürl suppressed the results of appellant's warrantless blood test.

. Officer Julio Briones testified that he was not related to the victim, Ricardo Briones.