**Norris HARRIS, Jr., Appellant**

v.

**The STATE of Texas, Appellee**

**No. 07-16-00435-CR**

Court of Appeals of Texas, Amarillo.

May 30, 2017

Rehearing Overruled June 26, 2017

Kristopher P. Espino, Lubbock, TX, for Appellant.

Lauren Murphree, Lubbock, TX, for Appellee.

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

## OPINION

Brian Quinn, Chief Justice

Appellant appeals his conviction for possession of a firearm by a felon. Through a single issue, he invokes the *corpus delecti* rule to contend that the evidence was insufficient to show that he had possessed the firearm within five years from the date of his release from prison. We affirm.

*The Law*

The standard of review is explained in *Fernandez v. State*, 479 S.W.3d 835 (Tex. Crim. App. 2016). We apply it here.

Next, the *corpus delecti* rule "is one of evidentiary sufficiency affecting cases in which there is an extrajudicial confession." *Miller v. State*, 457 S.W.3d 919, 924 (Tex. Crim. App. 2015). Under it, a defendant's extrajudicial confession alone is not legally sufficient evidence of guilt; rather, there must be independent evidence of the *corpus delecti. Id.* That is, there must be independent evidence showing that someone, not necessarily the accused, committed the "'essential nature'" of the charged crime. *Id.*; *see Emery v. State*, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994) (stating that the independent evidence need not connect the defendant but only show that a crime was committed). Yet, the independent evidence alone need not prove the crime's commission;

rather, it need only be some evidence rendering the *corpus delecti* more probable than it would be without the evidence. *Emery v. State*, 881 S.W.2d at 705; *Bradford v. State*, 515 S.W.3d 433, 437 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Johnson v. State*, No. 07-99-00491-CR, 2000 WL 943648, at *2, 2000 Tex. App. LEXIS 4551, at *5 (Tex. App.—Amarillo July 10, 2000, no pet.) (not designated for publication).

■ Simply put, the rule is one involving the corroboration of what was said in the extrajudicial statement. *See Watson v. State*, 154 Tex.Crim. 438, 443-44, 227 S.W.2d 559, 562 (1950) (posing the question as: in " [a]pplying these principles of law, does the evidence corroborate the confession, that is, does the evidence outside of the confession, considered alone or in connection with the confession, show that the crime ... was committed by someone"). Thus, the extrajudicial statement itself is not ignored. It may be used in connection with the other facts and circumstances to aid the proof of the *corpus delecti. Id.*; *Salazar v. State*, 86 S.W.3d 640, 644-45 (Tex. Crim. App. 2002) (stating that the rule is satisfied "if some evidence exists outside of the extra-judicial confession which, considered alone or in connection with the confession, shows that the crime actually occurred").

Next, appellant was charged with violating § 46.04(a)(1) of the Texas Penal Code. The latter makes it a crime for a felon to possess a firearm "after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later." TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011). So, arguably, the *corpus delecti* at bar is whether some felon carried a firearm within five years of release from confinement or supervision.

*Application of the Law*

■ Here, appellant stipulated that he had been convicted of a felony on May 6, 2003. That conviction resulted in a seven-year prison sentence, as illustrated by the May 6th judgment manifesting his conviction. The record further illustrated that, on October 27, 2012, an officer stopped appellant for running a stop sign. While searching the car, a loaded .380 semiautomatic handgun was found under the driver's seat of the vehicle, the very seat on which appellant sat. Appellant told the officer that he "got" the weapon "off the streets," that he no longer wanted it, that he had been convicted of a felony, that he went to prison, and that he "got out of prison" in 2009.

Aside from appellant's extrajudicial statement that he left prison in 2009, no other evidence appears of record indicating when he was released from confinement or from supervision under community supervision, parole, or mandatory supervision, whichever date was later. Why the State did not tender any formal prison or like record illustrating that is unknown. Nonetheless, there is independent evidence that appellant was convicted of a felony on May 6, 2003, and assessed a seven-year prison term. Seven years from May 6, 2003 would be May 6, 2010. If nothing else, this independent evidence established the time parameters related to a felony conviction, sentence, and fulfillment of that sentence. Moreover, no one can reasonably deny that any day within the year 2009 falls within five years of any day within the year 2012. This independent evidence, coupled with both the logical inferences that can be drawn from it and appellant's statement that the felon in question was released from prison in 2009 makes it

"more probable" that a crime encompassed within § 46.04(a)(1) of the Penal Code occurred, and that is all the *corpus delecti* rule required, under *Miller* and *Emery*. So, appellant's contention that application of the *corpus delecti* rule rendered the evidence insufficient is mistaken.

Appellant is also wrong in arguing that our own precedent obligates us to find the evidence insufficient. Unlike the situation here, the record in *Saldana v. State*, 418 S.W.3d 722 (Tex. App.—Amarillo 2013, no pet.), had no evidence of when appellant was released from confinement or supervision. Here, appellant himself provided the requisite information, that evidence being his statement about his release in 2009.[1] Furthermore, he does not question, on appeal, the admissibility of his statement. Thus, it is susceptible to consideration in assessing the sufficiency of the evidence to support his conviction.

In sum, some evidence appears of record to enable a reasonable juror to conclude, beyond reasonable doubt, that appellant violated § 46.04(a)(1) of the Penal Code. Accordingly, we affirm the judgment of the trial court.

James T. Campbell, Justice, concurring.

In his briefing, appellant has characterized his evidentiary sufficiency argument as the State's failure to satisfy the corpus delicti rule. The Court decides the case as it was briefed, under the corpus delicti rule, and I certainly do not quarrel with the Court for doing so. That said, I would point out that, as the Court's opinion correctly states, the officer testified to his traffic stop of appellant, and to his discovery of a loaded .38 pistol under the driver's seat of the vehicle appellant was driving. The officer identified appellant in court, and the pistol was admitted into evidence.[1] Appellant stipulated at trial that he had been convicted of a felony. The State relied not at all on any "confession" by appellant for its proof of all those facts. There was no danger here of a conviction based solely on appellant's false confession to a crime that never occurred. *See Miller v. State*, 457 S.W.3d 919, 926 (Tex. Crim. App. 2015) (rule "provides essential protection for those defendants who would confess to an imaginary crime because of mental infirmity or for other reasons"). To the degree the corpus delicti doctrine has any application in this case, I would hold its corroboration requirement was fully satisfied by appellant's in-court stipulation to his prior felony conviction and the testimony showing his possession of the pistol. *See Carrizales v. State*, 414 S.W.3d 737, 743 (Tex. Crim. App. 2013) (doctrine requires independent evidence that "essential nature" of charged crime was committed by someone, citing *Hacker v. State*, 389 S.W.3d 860, 865-66 (Tex. Crim. App. 2013)); *Salazar v. State*, 86 S.W.3d 640, 644 (Tex. Crim. App. 2002). To support appellant's conviction under Penal Code section 46.04(a)(1), there remained only proof beyond reasonable doubt that the date of appellant's possession of the firearm in October 2012 was within five years of his release from confinement. As the Court notes, for reasons unclear to us the State relied on an extrajudicial statement by appellant for proof of that fact. If, as appellant contends, the corpus delicti rule required corroboration of his extrajudicial statement, I agree with the Court that the judgment showing ap-

---

1. While these few words uttered by appellant may be less than the evidence normally offered to prove guilt, a learned man once observed: "Less is always more." Honorable Bradley Underwood.

1. In addition the jury saw a video depicting the officer's encounter with appellant.

pellant's felony conviction in May 2003 provided the corroboration. The judgment shows appellant was assessed a sentence of seven years' confinement. The judgment showing those facts makes the truth of his statement he "got out of prison" in 2009 more probable than it would be without the judgment. *See Rocha v. State*, 16 S.W.3d 1, 4 (Tex. Crim. App. 2000) (standard for independent evidence). I concur in the Court's disposition of the appeal.