

# NUMBER 13-18-00162-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GEORGE GUADALUPE
QUINTANILLA,                                                                 Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

## On appeal from the 93rd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Hinojosa, Perkes, and Valdez[1]
### Memorandum Opinion by Justice Valdez

A jury convicted appellant George Guadalupe Quintanilla of one count of:

---

[1] Retired Thirteenth Court of Appeals Chief Justice Rogelio Valdez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003.

aggravated sexual assault of a child, a first-degree felony; indecency with a child by exposure, a third-degree felony; and indecency with a child by contact, a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 21.11, 22.021. Quintanilla received a life sentence for the aggravated sexual assault of a child and indecency with a child by contact convictions.[2] Quintanilla received a twenty-five-year sentence for the indecency with a child by contact conviction.[3] By three issues, which we address as two, Quintanilla contends that the evidence was insufficient to support his convictions and that there was cumulative error.[4] We affirm.

## I.     PERTINENT FACTS

Y.P., an eight-year-old child, testified that when she was six years old, Quintanilla, her aunt's boyfriend, touched her "middle part" on several occasions. Y.P. stated that on another occasion, Quintanilla asked her to give him a hug, he showed her his "middle part," and he "wiggled" it. During her testimony, the State asked Y.P. to circle a boy's "middle part" on a picture of a boy, and Y.P. circled the penis. The State asked Y.P. to circle her "middle part," and she circled the vagina on a drawing of a girl.[5] Y.P. stated that on one occasion, she went to bed, "saw [her] bed bouncing," and Quintanilla caused something "smooth" and "big" to touch her lips.

Araceli Pena, the sexual assault nurse examiner who examined Y.P., testified that

---

[2] For each count, Quintanilla received a mandatory life sentence because he had a prior conviction of indecency with a child. *See* TEX. PENAL CODE ANN. § 12.42(c)(2)(A)(i), (B)(ii).

[3] Quintanilla's sentence was enhanced pursuant to the repeat and habitual felony offender statute. *See id*. § 12.42(d).

[4] For purposes of our analysis, we have combined Quintanilla's first issue arguing that the evidence is insufficient to support the corpus delicti of the offenses with his sufficiency of the evidence challenge.

[5] The drawings were admitted as State's Exhibits 18 and 19.

2

Y.P. told her, "In the restroom the dad his name's George [(Quintanilla)] he showed me his thing, it was big" and "he put it in my mouth and I didn't like it, I turned my face! He kept telling me to wake up but I was asleep, he put it in my mouth." Pena stated that Y.P. also told her Quintanilla "did it all the time, every day in the day in the night," and that Y.P. pointed to her mouth and said, "He only put it in here."

S.S., Y.P.'s grandmother, testified that she lived with her "partner," Y.P., Y.P.'s four siblings, her daughter, Z.G., and Z.G.'s two children.[6] According to S.S., Quintanilla would spend the night in the home. S.S. stated that on one occasion when Quintanilla stayed at her home, she found him in the bedroom where Y.P. and her siblings slept. S.S. said, "[Quintanilla] was inside the room and he was hiding there behind the chest." According to S.S., when she asked him what he was doing in the bedroom, Quintanilla told her that one of the children was missing. S.S. stated that she told Quintanilla, "You have no business in here. The children are under my care. It's none of your business if one is missing." S.S. said she picked up the blanket and saw Y.P. "hiding" between two other children in the bed.

S.S. testified that the day after Thanksgiving, Y.P. told her that Quintanilla "touched her thing." S.S. instructed Z.G. to tell Quintanilla to leave, and he did. S.S. stated that she called Y.P.'s mother who spoke with Y.P., and they called the police.

## II.    SUFFICIENCY OF THE EVIDENCE

### A.    Standard of Review and Applicable Law

In determining the sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict and determine whether a rational fact finder could have

---

[6] Z.G. is Y.P.'s aunt.

found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010). The fact finder is the exclusive judge of the facts, the credibility of witnesses, and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899. We resolve any evidentiary inconsistencies in favor of the judgment. *Id.*

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327; *see Malik*, 953 S.W.2d at 240.

A person commits the offense of aggravated sexual assault of a child if that person either intentionally or knowingly penetrates the anus or sexual organ of a child by any means, penetrates the mouth of a child with his sexual organ, or "causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor." *See* TEX. PENAL CODE ANN. § 22.021. A person commits the offense of indecency with a child by contact if the person engages in sexual contact with a child younger than seventeen years of age or causes the child to engage in sexual contact. *See id*. § 21.11(1). A person commits the offense of indecency with a child by exposure if the person "exposes his anus or any part of the person's genitals, knowing the child is present" or "causes the child to expose the child's anus or any part of the child's genitals"

4

with the "intent to arouse or gratify the sexual desire of any person." *See id*. § 21.11(2).

**B.      Analysis**

First, Quintanilla argues that the evidence in this case does not "'tend to prove' the corpus delicti in the instant case." However, the corpus delicti rule "is one of evidentiary sufficiency affecting cases in which there is an extrajudicial confession." *Harris v. State*, 521 S.W.3d 426, 427 (Tex. App.—Amarillo 2017, pet. ref'd) (citing *Miller v. State*, 457 S.W.3d 919, 924 (Tex. Crim. App. 2015)). "Under it, a defendant's extrajudicial confession alone is not legally sufficient evidence of guilt; rather, there must be independent evidence of the corpus del[i]cti." *Id*. In this case, Quintanilla did not provide an extrajudicial confession; thus, the corpus delicti rule is inapplicable. *See id*.

Next, Quintanilla argues that the evidence is insufficient to support the jury's finding that he committed the charged offenses. Specifically, Quintanilla argues that the State failed to prove that he committed "any sexual acts," because there is no physical evidence of a sexual assault, and the child's testimony, interviews, and statements were inconsistent and contradictory.[7]

Y.P. testified that Quintanilla touched her vagina with his hand and showed her his penis. *See Gonzalez Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.) ("The testimony of a child sexual abuse victim alone is sufficient to support a conviction for indecency with a child or aggravated sexual assault."). In addition, Pena testified that Y.P. told her that Quintanilla put his "thing" in her mouth, and Y.P. stated that Quintanilla touched her mouth with something "smooth" and "big." *See*

---

[7] Quintanilla does not specify which elements or which offenses he asserts lacked sufficient evidence.

*id*. Viewing the evidence in the light most favorable to the verdict we conclude that a rational fact finder could have found the essential elements of indecency with a child by contact, indecency with a child by exposure, and aggravated sexual assault beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *Whatley*, 445 S.W.3d at 166; *Brooks*, 323 S.W.3d at 898–99. We overrule Quintanilla's first issue.[8]

### III. CUMULATIVE ERROR

By his second issue, Quintanilla contends that there was cumulative error. Specifically, in one sentence, Quintanilla argues that "the aggregate effect of the cumulative errors by the trial court, argued supra in POINTS OF ERROR 1-3, adversely affected his constitutional right to a fair and impartial trial." *See* TEX. R. APP. P. 38.1(i).

Nonetheless, under the cumulative error doctrine, multiple harmless errors can, in the aggregate, constitute reversible error. *Gamboa v. State*, 296 S.W.3d 574, 585 (Tex. Crim. App. 2009). "The cumulative error doctrine provides relief only when constitutional errors so 'fatally infect the trial' that they violated the trial's 'fundamental fairness.'" *United States v. Bell*, 367 F.3d 452, 471 (5th Cir. 2004) (quoting *Derden v. McNeel*, 978 F.2d 1453, 1457 (5th Cir. 1992) (en banc)).

Here, after a thorough review of the record, we have not found any errors, and

---

[8] Quintanilla also contends that the evidence is factually insufficient to support the judgment and requests a remand for new trial. However, under *Brooks v. State*, courts of appeal may no longer apply a separate factual sufficiency review and are not allowed to reverse and remand for insufficient evidence. 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). We must apply the standard of review as set out by the Texas Court of Criminal Appeals in *Brooks*, and if the evidence is insufficient, we render an acquittal. *See id*. Thus, Quintanilla's factual sufficiency contention is no longer viable under *Brooks* and our Court's precedent. *See id*.; *Black v. State*, 551 S.W.3d 819, 828 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.); *Matamoros v. State*, 500 S.W.3d 58, 62 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (declining to perform a factual sufficiency review because we are required to follow binding precedent). Accordingly, we overrule it.

Quintanilla has not specified any in his brief. *See id.* Thus, Quintanilla has not shown that the cumulative error doctrine applies. *See id.*; *Gamboa*, 296 S.W.3d at 585. We overrule Quintanilla's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

ROGELIO VALDEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of August, 2019.