

# NUMBER 13-18-00600-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**FERNANDO GOMEZ VALDEZ,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

### On appeal from the 370th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Valdez[1]**
**Memorandum Opinion by Justice Valdez**

---

[1] Retired Thirteenth Court of Appeals Chief Justice Rogelio Valdez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003.

A jury convicted appellant Fernando Gomez Valdez of one count of sexual assault of a child and one count of indecency with a child by contact, both second-degree felonies. *See* TEX. PENAL CODE ANN. §§ 21.11, 22.011. Valdez received two concurrent fifteen-year sentences. By three issues, which we have reorganized and renumbered, Valdez contends the evidence is insufficient, the prosecutor made improper closing argument, and his trial counsel rendered ineffective assistance. We affirm.

## I.    PERTINENT FACTS

M.S.[2] testified that in January of 2017, she attended a friend's birthday party, and she and some other party-goers decided to buy some beer. According to M.S., a friend contacted Valdez, who M.S. only knew as "Bebo," and he agreed to buy alcohol for the group, who were all minors.[3] M.S. explained that Valdez, who she said was nineteen at the time, was able to acquire the alcohol from a store where he worked. M.S. stated that the group eventually went to Valdez's house and they began drinking alcohol. M.S. stated that she took several "bars," which she believed to be "Xanax." M.S. testified that at around 2:00 a.m., she felt weak, dizzy, and sleepy.

M.S. testified that around 3:00 a.m., she, her friend "Crystal," "Hector" (Crystal's friend), and Valdez went to Valdez's bedroom. M.S. stated that she and Valdez were lying on his bed when Valdez began "trying to kiss" her, touched her "boobs" over her clothes, and asked if she wanted to have sex. M.S. said she told Valdez, "I don't know," but he got on top of her, took off her clothes, and touched her "private part" with his

---

[2] To protect her identity, we refer to the minor complainant by her initials.

[3] During her testimony, M.S. identified Valdez as the person she knows as Bebo. Accordingly, although M.S. referred to Valdez as Bebo during her testimony, we will refer to him as Valdez throughout for ease of reading.

fingers. According to M.S., Valdez then put his penis in her vagina, which hurt. M.S. stated that she attempted to push Valdez off with her hands and said, "Get off," but he would not do so. M.S. said that Valdez would not stop penetrating her vagina with his penis, and it was very painful because she was still a virgin. M.S. said when she went to the hospital, she discovered she had a cut. According to M.S., the ordeal lasted fifteen minutes, and she cried then fell asleep. M.S. stated that she told Valdez that she was fifteen years old and that she was a virgin.

M.S. testified that the next morning, which was a Sunday, at 6:00 a.m., Valdez drove M.S. and Crystal to M.S.'s house. M.S. said that Hector advised her to take a shower, which she did. M.S. testified that when she went to urinate, there was blood, "it would sting," and "it just hurt." M.S. stated that on Monday, the next school day, she told a teacher and the school counselor what Valdez had done, and she then reported Valdez's acts to the police. M.S.'s father then took her to the hospital.

Araceli Sally Pena, a sexual assault nurse examiner (SANE), testified that she examined M.S. on January 24, 2017. Pena stated that M.S. told her that Valdez "put his dick in [her] vagina," and M.S. "was trying to push him." Pena testified that M.S. said, "At first, I want to be quiet to not freak out Crystal. He just kept going, because I want—I went on my—I wasn't on my five senses. I don't know when he stopped. The next thing I remember is it's six in the morning." Pena stated that M.S. told her that Valdez touched her "all over" her body, penetrated her vagina with his penis, penetrated her vagina with his finger, and attempted to penetrate her anus with his penis. Pena discovered during her physical assessment of M.S. that M.S. had one-centimeter and .7-centimeter tears to her vagina. The trial court admitted pictures Pena took of the injuries she found on M.S.'s

3

vagina. Pena explained that the tears she found on M.S.'s vagina are rare and that in seventy percent of the cases of sexual abuse there is no trauma to the victim. The State asked Pena if the pictures of M.S.'s injuries were consistent with M.S.'s statement that there was vaginal penetration. Pena replied, "Yes."

Ruben Martinez, M.D., Valdez's expert witness, testified that based on his review of the pictures taken by Pena, M.S.'s vagina did not have any tears. Dr. Martinez opined that M.S. had inflammation due to a yeast infection and untreated diabetes. Based on the pictures, Dr. Martinez believed that M.S. had been sexually active prior to Pena's exam. The State called Pena to testify on rebuttal, and she stood by her findings that M.S.'s injuries were consistent with forcible penetration. The State also called Sonja F. Eddleman, a registered nurse, as an expert witness. Eddleman testified that the tears to M.S.'s vagina were consistent with "some type of blunt force trauma," and were consistent with M.S.'s allegations.

## II. SUFFICIENCY OF THE EVIDENCE

### A. Standard of Review and Applicable Law

In determining the sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict and determine whether a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). The fact finder is the exclusive judge of the facts, the credibility of witnesses, and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899. We resolve any evidentiary inconsistencies in favor of the judgment. *Id.*

4

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327; *see Malik*, 953 S.W.2d at 240.

As charged in this case, a person commits the offense of sexual assault of a child if that person either intentionally or knowingly penetrates the sexual organ of a child under the age of seventeen by any means. TEX. PENAL CODE ANN. § 22.011. As charged here, a person commits the offense of indecency with a child by contact if the person engages in sexual contact with a child younger than seventeen years of age. *Id*. § 21.11(a)(1). "Sexual contact" means the touching of any part of the genitals of a child" "if committed with the intent to arouse or gratify the sexual desire of any person." *Id*. § 21.11(c)(1).

## B.    Analysis

By his first issue, Valdez contends that the evidence is insufficient to support the jury's finding that he committed the charged offenses. Specifically, Valdez argues that the evidence is insufficient because the State failed to call two eyewitnesses to testify and M.S.'s "recollection of the events was extremely scarce."[4]

M.S. testified that, when she was fifteen years old, Valdez asked her if she wanted to have sex and proceeded to penetrate her vagina with his finger. *See id.* § 21.11 (setting out elements of indecency with a child by contact); *Gonzalez Soto v. State*, 267

---

[4] Valdez does not specify which elements or which offenses he asserts lacked sufficient evidence.

5

S.W.3d 327, 332 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.) ("The testimony of a child sexual abuse victim alone is sufficient to support a conviction for indecency with a child or aggravated sexual assault."); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.07. According to M.S.'s testimony, after penetrating her vagina with his finger, Valdez forcefully penetrated her vagina with his penis. *See* TEX. PENAL CODE ANN. § 22.011; *Gonzalez Soto*, 267 S.W.3d at 332. In addition, Pena and Eddleman testified that M.S.'s injuries were consistent with her description of what Valdez did to her and consistent with forceful penetration of her vagina. We note that although Dr. Martinez disagreed with Pena about the nature of M.S.'s injuries and her conclusions, as the trier of fact, it was within the jury's province to reconcile conflicting witness testimony, and the jury may have believed Pena's testimony and disbelieved Dr. Martinez's. *See Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986); *see also Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational fact finder could have found the essential elements of indecency with a child by contact and sexual assault of a child beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *Whatley*, 445 S.W.3d at 166; *Brooks*, 323 S.W.3d at 898–99. We overrule Valdez's first issue.[5]

---

[5] Valdez also appears to assert that the evidence is factually insufficient to support the judgment. However, under *Brooks v. State*, courts of appeal may no longer apply a separate factual sufficiency review and are not allowed to reverse and remand for insufficient evidence. 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). We must apply the standard of review as set out by the Texas Court of Criminal Appeals in *Brooks*, and if the evidence is insufficient, we render an acquittal. *See id.* Thus, Valdez's factual sufficiency contention is no longer viable under *Brooks* and our Court's precedent. *See id.*; *Black v. State*, 551 S.W.3d 819, 828 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.); *Matamoros v. State*, 500 S.W.3d 58, 62 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (declining to perform a factual sufficiency review because we are required to follow binding precedent).

### III. IMPROPER JURY ARGUMENT

By his second issue, Valdez contends that the State "committed fundamental errors by personally vouching for a conviction and providing unsworn testimony." Specifically, Valdez argues that fundamental error occurred when the prosecutor said, "If you all are convinced that that's some indention or that's some swelling, then so be it. I didn't [do] my job. But if you guys believe me and believe the testimony up here, those are tears on her vagina caused by penetration," and "what [defense counsel] has put up there is not only a shame but it's unreasonable. It's false. It's false. We're asking you to find him guilty of both counts."[6] (Emphasis in Valdez's brief).

To preserve error for a claim of improper jury argument, the defendant must object to the trial court and pursue his objection to an adverse ruling. *See* TEX. R. APP. P. 33.1; *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). Moreover, the defendant "must object each time an improper argument is made, or [the defendant] waives [a] complaint, regardless of how egregious the argument." *Temple v. State*, 342 S.W.3d 572, 603 (Tex. App.—Houston [14th Dist.] 2010, pet. granted), *aff'd on other grounds*, 390 S.W.3d 341 (Tex. Crim. App. 2013). A defendant is required to object and request a mistrial even if the error was so egregious that it could not be cured by an instruction to disregard. *Mathis v. State*, 67 S.W.3d 918, 926–27 (Tex. Crim. App. 2002).

Valdez did not object to the prosecutor's argument on any basis or request a limiting instruction. In addition, Valdez did not ask for a mistrial. *See id*. Thus, he did not preserve error, if any existed. *See* TEX. R. APP. P. 38.1(i); *Temple*, 342 S.W.3d at 603; *see also Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). And, the Texas

---

[6] As previously stated, Dr. Martinez disagreed with Pena that M.S. had two tears on her vagina.

Court of Criminal Appeals has recently recognized that there is no "fundamental error" exception to the rules of error preservation. *Proenza v. State*, 541 S.W.3d 786, 794 (Tex. Crim. App. 2017). Though "[s]ome rights are widely considered so fundamental to the proper functioning of our adjudicatory process" that they need not be preserved at trial, *id*. at 795, Valdez has not cited any authority establishing that such a right is implicated here. We overrule Valdez's second issue.[7]

### IV.    INEFFECTIVE ASSISTANCE OF COUNSEL

By his third issue, Valdez contends that his trial counsel rendered ineffective assistance by failing to call Crystal and Hector to testify and by not objecting to the prosecutor's alleged improper closing argument as set out in his second issue.[8]

### A.    Standard of Review and Applicable Law

An ineffective assistance of counsel claim is evaluated under the two-part test articulated by the Supreme Court in *Strickland v. Washington*, requiring that the appellant show that: (1) counsel's performance was deficient, or that counsel's assistance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result would have been different. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, (1984)). In determining the validity of the appellant's claim of ineffective assistance of

---

[7] Although Valdez claims that the prosecutor's statements constituted fundamental error requiring no objections, he has not provided substantive argument with citation to appropriate authority to support such a claim. See TEX. R. APP. P. 38.1(i). Accordingly, we will not address the claim as it is inadequately briefed. *See id*.

[8] By a sub-issue to his third issue, Valdez states that "throughout the trial, hearsay evidence and unsupported arguments from the State were injected without a single objection from" his trial counsel. Valdez does not cite any instances in the record wherein the State presented hearsay or made unsupported arguments. Therefore, those complaints are not adequately briefed. *See* TEX. R. APP. P. 38.1.

8

counsel, "any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Thompson*, 9 S.W.3d at 813.

The burden is on the appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Id.* The appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy. *See Strickland*, 466 U.S. at 689; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.). A reviewing court will not second-guess legitimate tactical decisions made by trial counsel. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate . . . ."). Counsel's effectiveness is judged by the totality of the representation, not by isolated acts or omissions. *Thompson*, 9 S.W.3d at 813; *Jaynes*, 216 S.W.3d at 851. An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011); *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814 (setting out that "in the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland*").

## B.    Failure to Call Witnesses

First, Valdez argues that his trial counsel rendered ineffective assistance of counsel by failing to call Crystal and Hector to testify because M.S. claimed that they were in the same room with her when Valdez committed the charged offenses. However, the

9

Texas Court of Criminal Appeals has held that "[c]ounsel's failure to call witnesses at the guilt-innocence and punishments stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony." *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) (en banc); *see Ex parte Ramirez*, 280 S.W.3d 848, 853–54 (Tex. Crim. App. 2007) (per curiam) (citing *King* and denying habeas relief based on argument that trial counsel was ineffective for failing to call witnesses); *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004). Here, there is nothing in the record showing that either Crystal or Hector were available to testify. Moreover, Valdez has not shown that he would have benefited from their testimony because there is nothing in the record showing the substance of what either person would have stated. Accordingly, Valdez has not established on appeal that his trial counsel rendered ineffective assistance by failing to call Crystal and Hector to testify.

## C. Improper Closing Argument

Next, Valdez argues that his trial counsel rendered ineffective assistance by failing to object to the prosecutor's closing argument as set out in his second issue. Even if we agreed with Valdez, Valdez presents no argument to satisfy his burden of showing a reasonable probability that the result of the proceeding would have been different but for the allegedly deficient conduct. *See Strickland*, 466 U.S. at 688–92; *see also* TEX. R. APP. P. 38.1(i). Because Valdez has not met his burden under the second prong of *Strickland*, he has not established ineffective assistance of counsel. *See Strickland*, 466 U.S. at 688–92. We overrule Valdez's third issue.

10

## V.     CONCLUSION

We affirm the trial court's judgment.

ROGELIO VALDEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of August, 2019.